MARION VAN DEMARK, PLAINTIFF, v. JESSIE E. SARTORIUS AND JOHN WOHLFERT, DEFENDANTS.

RAYMOND H. PARKHURST, Jr., BY RAYMOND H. PARKHURST, Sr., HIS NEXT FRIEND, AND RAYMOND H. PARKHURST, Sr., INDIVIDUALLY, PLAINTIFFS, v. JESSIE E. SARTORIUS AND JOHN WOHLFERT, DEFENDANTS.

Argued May 2, 1939—Decided June 3, 1939.

Before Justices CASE and HEHER.

For the plaintiffs, *Charles B. Clancy.*

For the defendant John Wohlfert, prosecutor of the rule, *Harry Krieger* and *Donal C. Fox.*

The opinion of the court was delivered by

CASE, J.   This is a review of the refusal by the trial judge of defendant's motion to set aside the verdicts.   There are two cases, Supreme Court issues with venue laid in Essex county, both arising out of the same automobile accident, with different plaintiffs but the same defendants.   By consent of counsel the cases were tried together; and the trial

was before court and jury. The plaintiff in the first case was Marion Van Demark, and the plaintiffs in the second case were the Parkhursts, father and infant son. The defendants were Sartorius and Wohlfert. The court directed a verdict in each case in favor of the defendant Sartorius, and the disposition of the cause as to him is not before us.

The proceedings incident to the rendition of the verdicts occurred on November 1st, 1938, at the close of the fourth day of trial and are shown by extrinsic proofs, namely, by the minutes of the trial proved by the person who had been deputized by the county clerk to take them, to have been as follows:

"The evidence being closed, the jury retired to consider of their verdict an officer being sworn to attend them when having returned into court say they have agreed upon a verdict and by their foreman say in case No. 82 they find in favor of Raymond H. Parkhurst, Jr., by Raymond H. Parkhurst, Sr., his next friend, and assess the damages against the defendant John Wohlfert at the sum of fifty dollars ($50), and they further say by their foreman they find in favor of the plaintiff Raymond H. Parkhurst, Sr., and assess the damages against the defendant John Wohlfert at the sum of one hundred dollars ($100), and they further say by their foreman they find in case No. 83 in favor of the plaintiff Marion Van Demark and assess the damages against the defendant John Wohlfert at the sum of thirty-five hundred dollars ($3,500) and they further say by their foreman they find in favor of the defendant Jessie Sartorius and against the plaintiffs in both cases as directed by the court and so say they all.

"At the request of the attorney for the defendant John Wohlfert the jury were polled each juror repeated the verdict as rendered by the foreman with the exception of juror No. 10 who stated in case No. 83 he found in favor of the plaintiff and against the defendant John Wohlfert for the sum of thirteen hundred fifty dollars ($1,350)."

The judge had withdrawn, and the return by the jury was under the supervision of the deputy clerk. It may here be noted that the minutes so taken and proved are not a part of the record. The *posteas* signed by the trial judge at *nisi*

*prius* constitute the record of the proceedings there for the rolls of the Supreme Court. "Whatever, in short, is done subsequent to the joining of issue and awarding the trial, it is entered on record, and is called a *postea*. The substance of which is, that *postea,* afterwards, the said plaintiff and defendant appeared by their attorneys at the place of trial; and a jury, being sworn, found such a verdict; or, that the plaintiff, after the jury sworn, made default, and did not prosecute his suit; or, as the case may happen. This is added to the roll, which is now returned to the court from which it was sent; and the history of the cause, from the time it was carried out, it thus continued by the *postea."* 3 *Bl. Com. ch.* 24. The *posteas* are before us and manifest jury verdicts in due form.

On January 6th, 1939, defendant's counsel moved before the Circuit Court judge who sat at the trial of the cause for an order setting aside and vacating the verdict of the jury in the Van Demark case on the ground that the verdict was a nullity in that the jury had not unanimously agreed thereon and that no judgment could be entered. The judge, without stating his reasons, denied the motion. The transcript contains no motion and no order in the Parkhurst case, but the rule and the briefs indicate, and we shall assume, that there were proceedings therein identical with those in the Van Demark case. Before counsel had either moved or noticed his motions *posteas* had been signed and judgments, as we are informed without contradiction, had been entered. A Supreme Court justice thereafter allowed, at the suit of the defendant, a rule directing the several plaintiffs to show cause before the Supreme Court *en banc* why the orders made at Circuit should not be set aside and, further, why the motions as originally made should not be granted and a trial *de novo* had.

An order in a Supreme Court issue made by the Circuit Court judge to whom the case had been assigned for trial is subject to review by this court. *Byers* v. *Weinstein,* 119 *N. J. L.* 207; *Key* v. *Paul,* 61 *Id.* 133.

The motion was, in effect, if not in precise words, a motion in arrest of judgment. If it is to be treated as such, it must

be predicated on an intrinsic cause appearing on the face of the record. *Paradise* v. *Great Eastern Stages, Inc.*, 114 *N. J. L.* 365. A verdict, as shown by the *postea*, is a part of the technical record. A materially defective verdict has long been considered cause for arrest of judgment. 3 *Bl. Com.*, *ch.* 24. If it should appear by a verdict that there was not unanimity by the jury, it seems that the verdict would be regarded as fatally defective. But the verdicts in the instant cases, as they appear by the record, are, as we have said, regular.

The court may direct that the jury's verdict may be taken in the absence of the judge by the clerk (*R. S.* 1937, 2:27-236), or by the deputy clerk. *Jones* v. *Pennsylvania Railroad Co.*, 78 *N. J. L.* 571. But a clerk, and so of course a deputy clerk, is without power to poll the jury in a civil suit. *Francillo* v. *Latour*, 116 *Id.* 423. If, in these cases, the deputy clerk had the authority—and this is conceded—to take the verdicts but had, as we are obliged to find, no authority to poll the jury, then it follows that what he did with respect to the poll is, regardless of the manner in which it is proved, not a part of the verdicts and ought not to be, as in fact it is not, a part of the record.

Therefore, if defendant's motion, renewed before us, is to be accorded the status of a motion in arrest of judgment, it must be denied, because the alleged fault upon which it depends does not appear on the face of the record. If, however, it is to be given the status of a rule to show cause why a new trial should not be granted, then, under rule 123, it should have been made within six days after the verdict and therefore was and is made too late. Further, if the poll is not a part of the record and the facts disclosed by the poll are, as they appear to be, a matter of extrinsic proof, it is by no means clear under the remaining evidence taken under the direction of the rule that the tenth juror did not join with the remainder of the jury in announcing a unanimous verdict.

We conclude that the trial judge properly denied the motions at *nisi prius;* and we deny them here. The rule to show cause will be discharged with costs to the plaintiffs-respondents.